JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Tamerick Gilyard

**DEFENDANTS**

Chipotle Mexican Grill, Inc.

**(b)** County of Residence of First Listed Plaintiff   Caddo
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

J. Dhu Thompson, Law Offices of J. Dhu Thompson, 7591 Fern Ave., Shreveport, LA 71105, (318) 670-8018

Attorneys (If Known)

Kirk L. Landry, Brian T. Butler, Virginia L. McLin Keogh Cox & Wilson,701 Main Street, Baton Rouge, LA 70802 (225)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1446(d)

Brief description of cause:
Alleged food poisoning

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
03/23/2017

SIGNATURE OF ATTORNEY OF RECORD
s/ Brian T. Butler

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

TAMERICK GILYARD                               *        CIVIL ACTION NO.

VERSUS
                                               *        JUDGE:
CHIPOTLE MEXICAN GRILL, INC.

                                               *        MAGISTRATE:

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## NOTICE OF REMOVAL

Defendant, CHIPOTLE MEXICAN GRILL, INC.(herein "CHIPOTLE"), by and through their undersigned counsel, hereby gives  notice of the removal of this action from the 1ˢᵗ Judicial District Court, for the Parish of Caddo, Louisiana.  In support of its Notice of Removal, defendants state as follows:

1.      This action was originally commenced by Tamerick Gilyard on January 24, 2017, through the filing of a Petition in the 1ˢᵗ Judicial District Court for the Parish of Caddo, State of Louisiana, captioned *"Tamerick Gilyard v. Chipotle Mexican Grill, Inc.,* assigned Case No. 598128, Division"C."

2.      Chipotle received a copy of plaintiff's petition and answered on February 9, 2017.

3.      The United States District Court for the Western District of Louisiana is the court embracing the place wherein such action is pending in state court.

4.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Contrary to the provisions of La. C.C.P. art. 893, the Petition of Plaintiff did not

identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

6.      Through written discovery responses received for the first time on March 7, 2017, plaintiff's counsel advised and confirmed that the claim has a value in excess of $75,000. The responses constitute "other paper" under 28 U.S.C. § 1446(b)(2)(C).

7.      This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Diversity of Citizenship

8.      This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      Plaintiff, Tamerick Gilyard, is a person of the full age of majority who resides in the Parish of Caddo, State of Louisiana. *See Petition for Damages*, introductory un-numbered paragraph, attached as Exhibit B.

10.     At the time of the filing of the *Petition for Damages* and at all times thereafter, defendant, Chipotle, was and is incorporated under the laws of Delaware, with its principal place of business in Colorado.

## Amount in Controversy

15.     Louisiana Code of Civil Procedure Article 893A.(1) articulates the following requirements for the pleading of monetary damages:

the prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages, . . . a general allegation that the claim exceeds or is less than the requisite amount is required.

As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction. Plaintiff failed to make such an allegation as is required by the statute.  See *Petition for Damages*.

16.    Because plaintiff in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]  The removing defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[2]

17.    Contrary to the provisions of La. C.C.P. art. 893, the *Petition for Damages* did not identify the amount in controversy to establish a threshold requirement for diversity jurisdiction.

18.    Nevertheless, after receipt of the plaintiff's responses to the Request for Admissions it is clear that plaintiff is claiming damages in excess of $75,000. Responses to discovery and the claim of plaintiff that is made therein, the amount in controversy

---

[1]    *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).

[2]    *Id.*

3

is satisfied and this matter is timely filed. See Responses to Requests for Admissions are attached hereto as Exhibit A.

19.    This pleading is filed within 30 days of notice that the amount in controversy exceeds $75,000.  Therefore, under 28 U.S.C. § 1446(b), this removal is timely.

20.    Here, the plaintiff claims that the amount in controversy exceeds $75,000.

## Removal

21.    As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

22.    Pursuant to 28 U.S.C. § 1446(d), plaintiff, Tamerick Gilyard, is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

23.    The removing defendant attaches a copy of all process, pleadings, and orders served upon them at the time of removal.[3]

24.    Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

---

[3]    28 U.S.C. §1446(a).

25.  Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

26.  By filing this Notice of Removal, the removing defendant does not waive, and hereby reserves all defenses and objections to the Plaintiff's Petition/Complaint.

WHEREFORE, CHIPOTLE MEXICAN GRILL, INC., respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

RESPECTFULLY SUBMITTED,

BY:   s/ Brian T. Butler
      KIRK L. LANDRY, Bar # 20482
      BRIAN T. BUTLER, Bar #17499 (T.A.)
      VIRGINIA J. MCLIN, Bar #31257
      **KEOGH COX & WILSON, LTD.**
      701 Main Street
      Post Office Box 1151
      Baton Rouge, Louisiana 70821
      Telephone: (225) 383-3796
      Telecopier: (225) 343-9612
      Email: klandry@keoghcox.com
             bbutler@keoghcox.com
             jmclin@keoghcox.com

*Attorneys for CHIPOTLE Mexican Grill, Inc.*

5

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 23rd   March, 2017.

*s/ Brian T. Butler*
_____
BRIAN T. BUTLER

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

TAMERICK GILYARD                    *       CIVIL ACTION NO.

VERSUS

                                    *       JUDGE:

CHIPOTLE MEXICAN GRILL, INC.

                                    *       MAGISTRATE:
*****************************************************************

## NOTICE OF COMPLIANCE

Defendant, CHIPOTLE MEXICAN GRILL, INC., (herein "Chipotle"), by and through

undersigned counsel, hereby submits the following Notice of Compliance:

1. A list of all parties still remaining in this action:

Plaintiff: Tamerick Gilyard
Defendant: Chipotle Mexican Grill, Inc.


2. Copies of all pleadings, including answers, filed by those parties in state court as

Exhibit A:
a. Petition for Damages
b. Answer of CHIPOTLE Mexican Grill, Inc.
d. Request for Notice CHIPOTLE Mexican Grill, Inc.

RESPECTFULLY SUBMITTED,

BY:___*s/Brian T. Butler*_____
    KIRK L. LANDRY, Bar # 20482
    BRIAN T. BUTLER, Bar #17499 (T.A.)
    VIRGINIA J. MCLIN, Bar #31257
    **KEOGH COX & WILSON, LTD.**
    701 Main Street
    Post Office Box 1151
    Baton Rouge, Louisiana 70821
    Telephone: (225) 383-3796
    Telecopier: (225) 343-9612
    Email: klandry@keoghcox.com
          bbutler@keoghcox.com
          jmclin@keoghcox.com

*Attorneys for CHIPOTLE Mexican Grill, Inc..*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 23rd day of March, 2017.

_____*S/Brian T. Butler*_____
BRIAN T. BUTLER

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

TAMERICK GILYARD                          *        CIVIL ACTION NO.

VERSUS
                                         *        JUDGE:
CHIPOTLE MEXICAN GRILL, INC.


                                         *        MAGISTRATE:
*********************************************************************

## NOTICE TO ADVERSE PARTY OF REMOVAL

TO:    J. Dhu Thompson
       **Attorney at Law**
       7591 Fern Avenue, Suite 1902
       Shreveport Louisiana

       PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the
United States District Court for the Western District of Louisiana on March 23rd , 2017.  A
copy of the Notice of Removal is attached to this Notice and is served herewith.

                              RESPECTFULLY SUBMITTED,


                              BY_____*s/Brian T. Butler*_
                              KIRK L. LANDRY, Bar # 20482
                              BRIAN T. BUTLER, Bar #17499 (T.A.)
                              VIRGINIA J. MCLIN, Bar #31257
                              **KEOGH COX & WILSON, LTD.**
                              701 Main Street
                              Post Office Box 1151
                              Baton Rouge, Louisiana 70821
                              Telephone: (225) 383-3796
                              Telecopier: (225) 343-9612
                              Email: klandry@keoghcox.com
                                     bbutler@keoghcox.com
                                     jmclin@keoghcox.com

                              *Attorneys for CHIPOTLE Mexican Grill, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all

known counsel of record by placing a copy in the United States Mail, properly addressed and

postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 23rd  day of March, 2017.


_____*S/Brian T. Butler*_____
BRIAN T. BUTLER