UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TAMERICK GILYARD                         CIVIL ACTION NO. 17-0441

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

CHIPOTLE MEXICAN GRILL INC               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss (Record Document 15) filed by Defendant Chipotle Mexican Grill, Inc. ("Chipotle"). Chipotle seeks dismissal of Plaintiff Tamerick Gilyard's ("Gilyard") complaint for compensatory damages. Gilyard has opposed the Motion to Dismiss. See Record Document 19. For the reasons set forth below, the Motion to Dismiss (Record Document 15) is **GRANTED** and all of Gilyard's claims against Chipotle are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

Gilyard regularly consumed Chipotle's food in late January and early February of 2016. See Record Document 15 at 2. After showing symptoms of nausea and stomach pain, he saw a physician for an evaluation. See id. at 3. On February 22, 2016, Gilyard tested positive for *Helicobacter Pylori* ("*H. Pylori*"). See id. Gilyard alleges that Chipotle is solely at fault for infecting him with the *H. Pylori* bacteria. See id. at 4. He further alleges that Chipotle was negligent by:

    A. Failing to exercise reasonable care in storing, making, and/or distributing the food;

    B. Failing to maintain a safe environment by making and/or serving defective and unreasonably dangerous food;

C. Breaching the implied warranty of merchantability; and

   D. Any other acts and/or omissions of fault and/or negligence to be discovered.

Id.

Chipotle has now filed a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted. See Record Document 15-1. Chipotle contends that Gilyard failed to meet the pleading requirements under Fed. R. Civ. P 8(a)(2) by providing conclusory and unsupported allegations. See Record Document 20. Specifically, Chipotle argues that Gilyard failed to prove that he was exposed to *H. Pylori* while eating at Chipotle; when and how he was exposed to *H. Pylori* while eating at Chipotle; that Chipotle contaminated or created an environment that could contaminate food; and that Gilyard's contraction of *H. Pylori* was caused by food, drink and/or utensils at Chipotle. See id. at 1-2. Gilyard opposed the Motion to Dismiss on the grounds that the complaint sufficiently stated a cause of action under Louisiana law. See Record Document 19 at 4. The Court will analyze the instant motion under Rule 12(b)(6).

## LAW AND ANALYSIS

**I.   Rule 12(b)(6) Standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). Under this standard, "factual

allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., 550 U.S. at 555-556, 127 S.Ct. at 1965. If a pleading only contains "labels and conclusions" and "formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993). Courts must also accept all allegations in a complaint as true. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. However, courts do not have to accept legal conclusions as facts. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion. See id. at 678-679, 129 S.Ct. at 1949-1950. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id. Such a dismissal ends the case "at the point of minimum expenditure of time and money by the parties and the court." Twombly, 550 U.S. at 558, 127 S.Ct. at 1966.

**II.    Analysis.**

Pursuant to La. Civ. Code Ann. art. 2315, Gilyard sues on the grounds that Chipotle negligently operated its restaurant in a way exposed him to *H. Pylori*. The traditional duty-risk tort analysis should be applied in the present case because a restaurant is not strictly liable for the food it serves. See Chambers-Johnson v. Applebee's Rest., 12-98 (La.App. 5 Cir. 9/11/12), 101 So.3d 473, 476 (citing Porteous v. St. Ann's Cafe & Deli, 97-837

(La.5/29/98), 713 So.2d 454, 456). The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. See id. "A food provider, in selecting, preparing and cooking food, including the removal of injurious substances, has a duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food." Porteous, 713 So.2d at 457. Thus, the pertinent issue for this case is whether Gilyard's claim contains factual allegations sufficient to show that Chipotle failed to act as a prudent person skilled in food preparation.

There are no facts in the present complaint that show how Chipotle breached its duty as a food provider. The only factual allegation made by Gilyard about Chipotle is that he "regularly ate at CHIPOTLE MEXICAN GRILL, INC." prior to contracting the bacterial infection. See Record Document 15-1 at 2. There are no additional facts that convey how Chipotle made Gilyard sick. For example, he does not speak specifically about how the food was defective, nor how the reasonable care in making or storing the food was breached. The pleading lacks any semblance of a fact that causally connects Gilyard's illness with Gilyard frequenting Chipotle. Furthermore, it does not make an allegation that Chipotle provided food or utensils that were contaminated by *H. Pylori*. Gilyard's assumption that Chipotle's food caused his illness because he ate there regularly is a legal conclusion that should not be accepted as fact. See Iqbal, 556 U.S. at 678.

Additionally, in Paragraph 12, Gilyard asserts four different ways to illustrate that Chipotle is at fault in the present case. See Record Document 15 at 2. These four examples are merely a "formulaic recitation of the elements" for a negligence suit and offer no factual basis to substantiate the claim. See Iqbal, 556 U.S. at 678. Thus, Gilyard

has failed to meet the pleading standards under 8(a)(2) to withstand a Rule 12(b)(6) Motion to Dismiss.

## CONCLUSION

The Court finds that Gilyard has failed to state a claim for compensatory damages upon which relief can be granted. Gilyard's claim lacks a sufficient amount of factual information that causally connects his illness with patronizing Chipotle. The pleading's language merely contains the elements for negligence and does not sufficiently show that Chipotle was negligent, nor that Chipotle's negligence resulted in contamination. Therefore, under the standards set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure, Gilyard's pleading failed to state a claim for relief.

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss (Record Document 15) filed by Chipotle be and is hereby **GRANTED**. All of Gilyard's claims against Chipotle are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport Louisiana, this 14th day of June, 2018.

/s/ Maurice Hicks
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT